**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

UNITED STATES OF AMERICA                              PLAINTIFF

v.                                                    No. 5:19-cr-66

ANTHONY Q. DANIELS                                    DEFENDANT

## MEMORANDUM OPINION & ORDER

Anthony Daniels filed a motion for compassionate release based on concerns regarding his and his mother's health. DN 39 at 1. After the Government responded, Daniels asked for an extension and appointed counsel to reply—raising new questions about the applicability of proposed amendments to the sentencing guidelines. DNs 41 & 42.

Although "there is no right to counsel in a post-conviction action," *Shedwick v. Warden N. Cent. Corr. Inst.*, No. 16-3203, 2016 WL 11005052, at *3 (6th Cir. Dec. 30, 2016), courts may exercise discretion to appoint counsel based on "the nature of the case, whether the issues are legally or factually complex, and the litigant's ability to present the claims for relief to the court," *United States v. Prieto*, No. 3:19-cr-142, 2022 WL 17718422, at *1 (W.D. Ky. Dec. 15, 2022) (cleaned up).

Daniels argues that the Government's "lengthy and complex" response to his motion and the possibility that he might benefit retroactively from proposed amendments to the U.S. Sentencing Guidelines present sufficiently complex issues to warrant appointment of counsel. DN 41 at 1. Daniels didn't raise the sentencing guidelines amendments in his motion for release. *See* DN 39 at 1–2 (citing health concerns). If he had, those arguments likely would've been premature, because the proposed guidelines amendments wouldn't take effect until November 1, 2023. *Materials Relating to the 2023 Criminal History Amendment*, UNITED STATES SENTENCING COMMISSION, available at https://www.ussc.gov/policymaking/materials-relating-2023-criminal-history-amendment (last visited Oct. 5, 2023) ("If Congress does not act to reject the amendment, eligible incarcerated individuals will be able to ask courts to reduce their sentences beginning November 1, 2023. Individuals whose requests are granted by the courts can be released from prison no earlier than February 1, 2024.").

The issues that Daniels *does* raise in his motion, serious though they may be, are not particularly complex or unusual relative to most other compassionate-release requests. Daniels seeks early release to care for his 58-year-old mother, who is on

1

oxygen due to COPD and lung cancer.  DN 39 at 1.  He allegedly harbors concerns regarding Covid and takes medication for high blood pressure and hyperthyroidism. *Id.* Nor does the Government's response raise complicated factual or legal issues that would be "beyond the capability of an ordinary *pro se* litigant['s] … ability to present … to this Court." *United States v. Phillips*, No. 3:10-cr-75, 2023 WL 2898452, at *7 (W.D. Ky. April 11, 2023).

This request for counsel, therefore, falls short of the standard for a court-appointed, post-conviction lawyer.  *Prieto*, 2022 WL 17718422, at *1.  So the Court denies without prejudice Daniels' motion to appoint counsel (DN 41) but grants his motion to extend (DN 42).  Daniels must file a reply in support of his compassionate-release motion no later than **November 5, 2023**.

Benjamin Beaton, District Judge

United States District Court

October 5, 2023

2