# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

UNITED STATES OF AMERICA

v.                                                              No. 5:19-cr-66-BJB

ANTHONY DANIELS

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

Anthony Daniels is serving a 120-month sentence for possession of methamphetamine and money laundering. Citing his medical condition, family circumstances, and rehabilitation, Daniels seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). But because Daniels hasn't shown that these reasons are "extraordinary and compelling" or that early release is warranted under the sentencing factors Congress made relevant, the Court denies his motion.

### I.

A grand jury indicted Daniels in March 2020. Superseding Indictment (DN 16). Daniels eventually pleaded guilty to six counts of money laundering and one count of possession with the intent to distribute more than 50 grams of methamphetamine. Plea Agreement (DN 29) at 1–2. He admitted that he sold methamphetamine for three years and wired money to further his drug-trafficking activities. PSR (DN 33) ¶¶ 18–24. Daniels was held responsible for a converted drug weight of 1,693.90 kilograms. ¶ 22. Because Daniels prevented officers from accessing his cell phone, the sentencing judge imposed an upward guidelines adjustment for obstruction, resulting in a guidelines range of 97–121 months. ¶¶ 24, 78.

Consistent with the parties' Rule 11(c)(1)(B) plea agreement, the Government recommended a sentence at the lowest end of the applicable guideline range. At sentencing the Government moved to dismiss its notice to seek enhanced penalties under 21 U.S.C. § 851, which reduced the statutory minimum sentence from 180 to 120 months. *See* Information and Notice of Prior Felony Convictions (DN 28) at 1; Judgment (DN 36) at 1, 3. And because the bottom of the calculated guidelines range was lower than the statutory minimum, the range shifted to conform to the statutory penalty—resulting in a final guidelines range of 120–121 months. *See* PSR ¶ 78. And the sentencing judge imposed the statutory (and guidelines) minimum of 120 months in prison. Judgment at 3.

Roughly three years into his 10-year term, Daniels filed a motion for compassionate release (DN 39) under 18 U.S.C. § 3582(c)(1)(A). His motion and reply offer three main reasons in support of his request. First, Daniels states that he is the only family member who can care for his mother, who has severe COPD. Reply to Gov't Response (DN 45) at 5. Second, he himself suffers from medical conditions—including high blood pressure, hyperthyroidism, and diminished kidney function—all of which increase his risk of severe illness or death from COVID-19. Motion for Compassionate Release at 1. Third, Daniels is "doing all [he] can … to [rehabilitate]" and would like "one more chance" so that he can care for his children and go back to welding school. *Id.* at 2. Daniels also notes that he has had no write-ups during his imprisonment. *Id.*

## II.

The Government has not asserted that Daniels failed to exhaust his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Taylor*, No. 20-3642, 2020 WL 7383648, at *2 (6th Cir. Nov. 9, 2020) (exhaustion bars consideration of compassionate-release motions only if the Government asserts it). So the Court proceeds to the "three-step inquiry" that district courts apply in considering a § 3582 motion. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (citation omitted). Release is appropriate only if (1) the prisoner shows that "extraordinary and compelling reasons warrant the reduction," (2) the Court determines that "any sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the defendant "persuades the district judge to grant the motion after the court considers the § 3553(a) factors." *United States v. McCall*, 56 F.4th 1048, 1054 (6th Cir. 2022) (cleaned up). Those factors include the defendant's "history and characteristics," the "nature and circumstances of the offense," and the need to "protect the public," deter criminal conduct, promote respect for the law, and avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a). The motion fails if any of these three prerequisites is lacking. *Elias*, 984 F.3d at 519.

In its recently amended compassionate-release policy statement, the Sentencing Commission lists six categories of extraordinary and compelling reasons that may support (individually or in combination) compassionate release. Those categories are (1) medical circumstances, (2) age, (3) family circumstances, (4) abuse suffered in custody involving a "sexual act" or "serious bodily injury;" (5) "other reasons" similar to those in (1)–(4), and (6) an "unusually long sentence." U.S.S.G. § 1B1.13(b).

### A. No Extraordinary and Compelling Reasons Warrant Early Release

#### 1. Medical Conditions

The Sentencing Commission's recent policy statement lists four situations in which a defendant's medical circumstances may be extraordinary and compelling. Set forth at § 1B1.13(b)(1), these include when a defendant is:

- "suffering from a terminal illness";

- suffering from a "serious physical or medical condition" or a "serious functional or cognitive impairment" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover";

- "suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death"; or

- housed in a facility affected by a disease outbreak, at an increased risk for medical complications or death if he or she contracts the disease, and "the risk cannot be adequately mitigated in a timely manner."

Daniels' medical conditions do not resemble any of these four situations. He has not alleged that his facility is not providing the medical care he needs, *see* § 1B1.13(b)(1)(C), or that his conditions diminish his ability to provide self-care, *see* § 1B1.13(b)(1)(B). And his high blood pressure, hyperthyroidism, and ailing kidney function do not qualify as terminal illnesses under § 1B1.13(b)(1)(A), which requires "a serious and advanced illness with an end-of-life trajectory." These include "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia," *id.*, none of which track Daniels' conditions as he has described them.

Additionally, the Sixth Circuit has held that the risk of contracting COVID-19—when the defendant can access the COVID-19 vaccine—does not warrant early release. *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). In *United States v. Fowler*, No. 21-5769, 2022 WL 35591, at *1–2 (6th Cir. Jan. 4, 2022), the Sixth Circuit upheld a decision to deny compassionate relief to a defendant with "high blood pressure and kidney problems," among other medical complications. The court emphasized that "an elevated risk of COVID-19" cannot "meet the 'extraordinary and compelling' requirement" due to the availability of the COVID-19 vaccine. *Id.* at *2. And in *Lemons*, the Sixth Circuit denied the defendant's motion for early release after concluding that "there is no indication that patients with autoimmune thyroid disease are at greater risk of getting COVID-19 or of being more severely affected should they acquire the COVID-19 infection." 15 F.4th at 750–51 (citation omitted). Daniels' medical conditions coupled with the risk of contracting COVID-19 therefore don't warrant early release.

### 2. Family Circumstances

Family circumstances can provide an "extraordinary and compelling reason" for compassionate release if a defendant's immediate family member is "incapacitat[ed]" and "the defendant would be the only available caregiver." § 1B1.13(b)(3). Before the Sentencing Commission's latest policy statement, the Sixth Circuit described an "extraordinary" reason as one that is "most unusual" and "far from common." *McCall*, 56 F.4th at 1055 (citation omitted).

For early release to care for an ailing family member, a defendant must "prove that other potential caregivers are not available or suitable." *United States v. Mathews*, No. 2:19-cr-41, 2023 WL 5924411, at *3 (S.D. Ohio Sept. 12, 2023). Daniels has not. He argues that he "is the only ... member in his family who can take care of his [m]other [because] all his other family members have their own health issues." Reply at 5. But as the Government notes, Response (DN 40) at 6, Daniels also stated that "the family would like me around to be [his mother's] caregiver," Motion at 1. And he has acknowledged that his grandmother lives across the hall in the same apartment complex as his mother, *id.*, without explaining what if any role she plays in the mother's care. Daniels doesn't explain why she or the other unnamed family members who would like him around can't care for his mother. So Daniels has not shown the level of familial need contemplated in § 1B1.13(b)(3).

### 3. Rehabilitation

Finally, Daniels offers that he has done "all [he] can" to rehabilitate and "come out better than [he] came in." Motion at 2. He mentions that he is taking classes and has maintained a job without any write-ups during his imprisonment. *Id.*

But the Sixth Circuit has held that "[r]ehabilitation ... is not by itself extraordinary and compelling." *United States v. McKinnie*, 24 F.4th 583, 588 (6th Cir. 2022). While Daniels' rehabilitative efforts are certainly commendable, they don't warrant early release. *See, e.g.*, *United States v. Mosley*, No. 1:09-cr-65, 2023 WL 8828004, at *4 (S.D. Ohio Dec. 21, 2023) ("[M]any (if not most) inmates take advantage of the rehabilitative programs offered at state and federal institutions. And while Defendant's progress is commendable, it is not extraordinary nor does not compel modification of his sentence.").

## B. Section 3553(a) Factors

Even if Daniels could establish an extraordinary and compelling justification under § 3582(c), his release would be inconsistent with the factors Congress has directed judges to consider before granting compassionate release. *See* § 3582(c)(1)(A) (cross-referencing 18 U.S.C. § 3553(a)). As noted above, these factors include, among other things, the "history and characteristics of the defendant," the "nature and circumstances of the offense," and the need for the sentence to promote respect for the law, reflect the seriousness of the offense, provide just punishment, deter criminal conduct, and avoid unwarranted sentencing disparities. § 3553(a).

These factors cut against a sentencing reduction here. "[D]rug trafficking is a serious offense that, in itself, poses a danger to the community." *United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010). The risks posed to the community by drug trafficking caution against a sentence reduction under § 3553(a). *Id.*; *United States v. Alford*, No. 5:14-cr-77, 2021 WL 1511643, at *3 (E.D. Ky. Apr. 9, 2021) (denying compassionate release in part because the danger of drug trafficking militated against sentence reduction). The sentencing judge imposed a term of 120

4

months in prison because, among other things, the record indicated that Daniels sold significant amounts of methamphetamine. PSR ¶¶ 15–22; Judgment at 3. This reflects the seriousness of the offense and protects the public from further crimes committed by the defendant. *See United States v. Maxwell*, 991 F.3d 685, 693 (6th Cir. 2021). Furthermore, Daniels received a sentence at the lowest end of the advisory guidelines range—the statutory minimum sentence. His existing sentence, therefore, does not appear to result in any sentencing disparities—but reducing that sentence below the guidelines range and statutory minimum very well could.

And although Daniels insists that he will not incur more criminal charges, Motion at 2, this of course does not outweigh the need to punish and deter criminal conduct to promote respect for the law and protect the public—the reasons Daniels received this sentence in the first place. Promises of remorse and rehabilitation alone do not open the doors to early release, particularly given the dangerousness of selling drugs in the quantity Daniels admitted to. *Cf. United States v. Sapp*, No. 14-cr-20520, 2020 WL 515935, at *3 (E.D. Mich. Jan. 31, 2020) (record of good behavior and assistance to authorities did not amount to "extraordinary and compelling reasons"). And Daniels' prior federal conviction for drug offenses undermines the notion that this offense was an aberration. PSR ¶ 48; Information and Notice of Prior Felony Drug Conviction at 1.

### C. Consistency with Policy Statement

Compassionate release must also be consistent with the Sentencing Commission's policy statement. *McCall*, 56 F.4th at 1054. Besides defining what constitutes extraordinary and compelling reasons, the Commission directed courts to consider whether "[t]he defendant is ... a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." § 1B1.13(a)(2). The Sixth Circuit has repeatedly affirmed the detention of "run-of-the-mill drug dealers," including those who have not engaged in violence, on dangerousness grounds, because drug trafficking is a serious offense that inherently endangers the community. *Stone*, 608 F.3d at 947 n.6. Daniels' crimes posed a serious risk to the community. *See id.*; *Alford*, 2021 WL 1511643, at *3. And his criminal history shows he has repeated these dangerous crimes even after facing serious consequences. PSR ¶ 48 (Daniels was sentenced to 120 months of incarceration in 2008 for possessing and distributing 51.5 grams of cocaine base). Denying Daniels compassionate release, therefore, is consistent with the policy statement because his early release would pose a danger to the community.

### ORDER

The Court denies Daniels' motion for compassionate release (DN 39).